11-2615-ag
Chen v. Holder

BIA
A095 864 746

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
    BARRINGTON D. PARKER,
    PETER W. HALL,
    DENNY CHIN,
        *Circuit Judges.*

_____

ZHU QING CHEN,
        *Petitioner,*

    v.                                      11-2615-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Eric Y. Zheng, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Melissa Neiman-Kelting,
                       Senior Litigation Counsel;
                       Christopher Buchanan, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhu Qing Chen, a native and citizen of the People's Republic of China, seeks review of the June 9, 2011, order of the BIA denying her motion to reopen. *In re Zhu Qing Chen*, No. A095 864 746 (B.I.A. June 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review for abuse of discretion the BIA's denial of Chen's motion to reopen as untimely and number-barred. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(I); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). There is no dispute that Chen's 2011 motion was untimely and number-barred; she had previously filed one motion to reopen, and the final administrative order was issued in 2007. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(I); 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion when it held Chen failed to establish changed circumstances in China that would render inapplicable the time limitation for filing a motion to re-open.

First, the BIA reasonably found, based on Chen's own submissions, that conditions in China insofar as persecution of unregistered religious groups is concerned had not changed to any significant degree since well before Chen left the country in 2001. Substantial evidence supports, and the BIA did not abuse its discretion in determining, that Chen's evidence failed to show that China consistently and more harshly implemented a policy of religious repression in all its provinces or that its suppression of

2

underground churches in her native Fujian province has increased since 2005. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169, 174 (2d Cir. 2008) (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard); *see also id.* at 174 (affirming the BIA's case-by-case analysis in determining a well-founded fear of persecution when it finds wide variances in how policies are enforced). Nor did the BIA abuse its discretion by summarizing the evidence it considered in this regard; the BIA was not required to parse it point by point. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-75 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Second, yet somewhat in the same vein, Chen argues that based on her own 2010 conversion to Christianity she will be subject to the Chinese government's human rights abuses in the form of religious persecution. The BIA's determination that this evidence of Chen's religious conversion does not demonstrate a material change in country conditions is also not an abuse of discretion. *See Luna v. Holder*, 637 F.3d 85, 102-3 (2d Cir. 2011). As we have previously held, "The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii). A self-induced change in personal circumstances cannot suffice." *Wei Guang Wang*, 437 F.3d 274.

In sum, the BIA did not abuse its discretion in denying Chen's untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(I), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk